## BELL v. UNITED STATES.
### No. 10220.

Circuit Court of Appeals, Fifth Circuit.
July 6, 1942.

---

George Merritt Rogers, of Birmingham, Ala., for appellant.

Jim C. Smith, U. S. Atty., of Birmingham, Ala., for appellee.

Before SIBLEY, HOLMES, and McCORD, Circuit Judges.

SIBLEY, Circuit Judge.

This is another of the many post mortems stemming from the broad language used in Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461, and supported only by the prisoner's word. It is not, however, a habeas corpus, but a prisoner in Alcatraz Penitentiary applies to the trial court in Alabama to treat as void his trial and conviction five years ago. The petition states that it is not petitioner's aim or intention to request the court to "set him scot free", but that all he asks is that he be afforded a fair and impartial trial, having orginally been deprived of his constitutional right to counsel, and to compulsory process for his witnesses, and been otherwise unfairly dealt with. The petition was sworn to. It was met by an answer sworn to by the district attorney and the assistant district attorney who tried Bell, categorically denying the petition's allegations of deprivation of constitutional rights, and stating their recollection of what occurred. They attached also a certificate of the presiding judge, (now deceased), filed by himself in the case on July 12, 1937, after the trial and sentence in February, 1937, which showed a full recognition of Bell's right to have counsel and witnesses. The record of the trial shows nothing about the appointment or waiver of counsel, but docket entries show that subpoenas were ordered issued for Bell. The present petition was heard by the judge, after appointing counsel for Bell at Bell's request, on the sworn petition and answer and the former judge's certificate. It does not appear that any other evidence was presented. The judge found that Bell's petition was not sustained by the facts, that he was offered counsel by the judge on his arraignment and the offer was declined, and was again offered counsel at the commencement of the trial and the offer was again declined; that the court summoned all necessary witnesses, that the presiding judge's statement of the facts was true, and that Bell enjoyed all his constitutional rights. This appeal followed.

Though we have recently sustained several applications to the trial court, made after the trial term, to correct its record or to resentence where the sentence was illegal, (Meyers v. United States, 5 Cir., 116 F.2d 601; Buie v. United States, 5 Cir., 127 F.2d 367; Miller v. United States, 5 Cir., 128 F.2d 519; Pringle v. United States, 5 Cir., 128 F.2d 736), we believe there is no precedent for the grant of a petition for new trial such as this is. If, however, the case of Johnson v. Zerbst, supra, really means that a court has no jurisdiction to arraign or try a prisoner unless he has or waives counsel, it would seem that, on Bell's allegations, he has never been tried at all, and that logically the record of a pretended trial and sentence ought to be expunged and a trial had. Since no question has been made here of the propriety of this petition, we will not decide it. The judge heard the petition and decided it on the merits. No objection was raised to the use of the deceased judge's certificate as evidence. It and the sworn answer fully uphold the judgment.

■ The refusals of the judge to postpone the hearing to secure witnesses, and to order Bell brought from Alcatraz, are specified as error. Bell's presence was no more necessary than for the hearing of any other motion for new trial. His sworn petition treated as an affidavit, fully stated what he had to say. The expense of bringing him across the continent would have been great. The refusal to do it was well within the court's discretion, assuming that by some writ it could have been accomplished.

■ The record contains no motion for continuance, but only an order refusing it. There is no bill of exceptions showing what occurred. It appears that counsel was appointed for Bell on January 6, 1942. The hearing was January 19, 1942. The order

denying continuance states the motion therefor was on the ground that no opportunity had been allowed Bell to subpoena witnesses. It does not appear that any showing was made as to what witnesses were desired, where they lived, or what they would testify. Bell's counsel in his brief says the court was told that only that morning had he heard from Bell as to his witnesses; and that he had not had time to locate them. The record on appeal cannot thus be supplemented. And since the whole controversy was as to what occurred in open court on Bell's trial in 1937, it would seem that counsel could have learned from the court records, without aid from Bell, who were present—jurors, witnesses, court officials, lawyers—and what they knew and remembered. Nothing appears to justify us in saying that so clear a right to a continuance is shown that discretion was abused in refusing it.

Affirmed.