## BARBER v. UNITED STATES.

### No. 5172.

Circuit Court of Appeals, Fourth Circuit.

Feb. 5, 1944.

William Barber, pro se.

Carlisle W. Higgins, U. S. Atty., of Greensboro, N. C., for appellee.

Before PARKER, SOPER and DOBIE, Circuit Judges.

PARKER, Circuit Judge.

This is an appeal from an order denying a motion to vacate the judgment and sentence in a criminal case. The petitioner, William Barber, was convicted in 1937 of the crime of bank robbery in violation of 12 U.S.C.A. § 588b and was sentenced to a term of 25 years in prison. He was represented at the trial by an able and experienced lawyer and introduced evidence in

---

support of an alibi defense, although he did not take the stand in his own behalf. In the year 1943, he filed in the court below a motion for a new trial, which was denied, and then a motion to set aside the judgment and sentence of the court on the ground that, at the time of his trial, he had been denied reasonable opportunity to prepare his defense and that a new trial should be granted him so that he might have opportunity to present additional alibi evidence that he claimed to have discovered. He asked for an order that he be brought from Alcatraz Prison to Greensboro to be present at the hearing of this motion. The court appointed counsel to present his motion, heard evidence thereon and found the facts as follows:

"A Bill of Indictment was found by the grand jury at the May term of the Wilkesboro Court by the Middle District of North Carolina, charging the defendants Coltrane, Barber, Jackson and Northcutt with the robbery of the Reidsville Bank, and they were arrested on this charge under a capias on the 19th day of May, 1937, and the defendant Barber's counsel, Mr. J. H. Scott, was furnished with a copy of this indictment promptly after its return by the grand jury at Wilkesboro, and the parties were informed that the case would be tried at the June term, 1937, of this Court at Greensboro, and the defendants and their counsel knew that the case would be tried at the June term in Greensboro.

"In the trial of the bank robbery case it developed that a Plymouth automobile was used by the robbers, which was a vehicle which had been stolen, on the 7th day of October, 1936, in Nashville, Tennessee, the bank having been robbed on October 12, 1936. This car was positively identified by the owner from Tennessee, who was cross examined in this trial and who identified Northcutt and Coltrane as the two persons who forcibly took the car from him at the point of a pistol, and he positively identified the car by the motor number. This car was identified in connection with the bank robbery by various witnesses at the scene where the crime was committed, and Mrs. Sawyer testified that she saw the defendant Barber on Saturday before the bank was robbed on Monday, pass her place at different intervals in that automobile, and on the day of the robbery, both she and her husband testified that Barber and Northcutt were in the Plymouth car and that Coltrane was following behind

them in a Ford. There were other witnesses at the bank who identified Barber, as one of the three men and also identified Coltrane and Northcutt and Nettie Jackson as the woman.

"The records do not disclose that a motion was made for the continuance of the case. The defendant Barber, offered witnesses, three in number, who testified that on the morning the bank was robbed he was at the court house in Durham, North Carolina, and the feature of his motion which appeals to the Court the most, is the fact that he has three witnesses here who testified that they saw him in Durham at Court on that morning the crime was committed which tends to show that he was not at the scene of the crime at that time, but this evidence is cumulative of the evidence which was produced and there is no probable ground to believe that it would have altered the result of the trial.

"The Court gave careful consideration to the case when it was being tried, and is not now in position to say that it has any grave doubt on the question of the defendant's guilt.

"For the reasons above stated the Court is of the opinion that the motion to vacate the judgment and sentence should be denied."

The contentions on appeal resolve themselves into three points: (1) that the court below erred in not having appellant brought from prison and produced at the hearing of his motion; (2) that defendant was denied due process on the original trial of his case in that a preliminary hearing was not held and he was not allowed adequate time to prepare his defense; and (3) that a new trial should be granted because of the additional evidence produced in support of defendant's alibi, unsuccessfully asserted on the trial. There is no merit in any of these points.

■ Whether the motion is treated as in the nature of a petition for writ of error coram nobis under the old practice or as a motion for a new trial, it is perfectly clear that appellant had no constitutional right to be present at the hearing of the motion and cannot complain because the Court refused to order that he be brought from prison and produced at the hearing. Such a hearing is in no sense a part of the criminal trial at which the Constitution requires the presence of the accused. As on the hearing of an appeal or writ of error

in a higher court, what is under investigation on such motion is, not the guilt or innocence of the accused, but the validity or regularity of the proceedings attending his trial. Schwab v. Berggren, 143 U.S. 442, 12 S.Ct. 525, 36 L.Ed. 218; Ormsby v. United States, 6 Cir., 273 F. 977, 985; Alexis v. United States, 5 Cir., 129 F. 60, 64; Com. v. Costello, 121 Mass. 371, 23 Am.Rep. 277; State v. Jacobs, 107 N.C. 772, 11 S.E. 962, 22 Am.St.Rep. 912; 14 Am.Jur. 900; 23 C.J.S., Criminal Law, § 1504, p. 1325; note, 5 L.R.A. 835. As said in State v. Fahey, 35 La.Ann. 9, 12: "It can now be considered as elementary, that the absence of the accused during the trial of motions not making part of the actual trial of his guilt or innocence, but having reference to the form or conduct of the trial, will not vitiate the proceedings".

A recent decision directly in point is that of the Circuit Court of Appeals of the Fifth Circuit in Bell v. United States, 5 Cir., 129 F.2d 290, 291. That case involved a motion, in the nature of a petition for writ of error coram nobis, that a conviction be set aside on the ground that the defendant had been deprived of his constitutional right to counsel and to compulsory process for witnesses and had been otherwise unfairly dealt with. In sustaining the action of the trial judge in refusing the request of the defendant for an order that he be brought from Alcatraz to be present at the hearing of the motion, the Court, speaking through Judge Sibley, said: "The refusals of the judge to postpone the hearing to secure witnesses, and to order Bell brought from Alcatraz, are specified as error. Bell's presence was no more necessary than for the hearing of any other motion for new trial. His sworn petition treated as an affidavit, fully stated what he had to say. The expense of bringing him across the continent would have been great. The refusal to do it was well within the court's discretion, assuming that by some writ it could have been accomplished."

If a prisoner, by merely filing a motion to vacate the judgment in a criminal case or for a new trial on the ground of after-discovered evidence, could require that he be taken from prison and produced in court for the hearing of the motion, the government would be put to great and unnecessary expense, opportunities for the escape of dangerous prisoners would be multiplied, and the proper administration of the penal system would be greatly interfered with. The constitutional guaranty which assures to an accused the right to be present at the trial of the charge against him does not embrace the right to be present at the hearing of motions made after he has been convicted of the charge, nor does it confer upon him the right to be taken from the prison where he is serving his sentence and carried about over the country at the expense of the government in order that he may be present at the hearing of such motions. Merely to state the contention of appellant to the contrary is to answer it.

■■ There is nothing in the point that the prisoner was not granted a preliminary hearing or given sufficient time to prepare his defense. The only purpose of a preliminary hearing is to determine whether there is sufficient evidence against an accused to warrant his being held for action by a grand jury; and, after a bill of indictment has been found, there is no occasion for such hearing. Appellant here was informed of the charge against him well in advance of trial and neither he nor his lawyer requested a continuance to prepare his defense. He introduced a number of witnesses in support of the alibi upon which he relied as a defense, although not taking the stand in his own behalf; and there is nothing in the record indicating that he did not have full opportunity to present his defense or that he was not fairly dealt with in any particular.

■ With respect to the additional evidence offered on the hearing of the motion for new trial, it is well settled that, even where such motion has been made in apt time, the granting or refusing thereof is a matter resting in the sound discretion of the trial judge not reviewable on appeal. It is equally well settled that a motion on such ground must be made during the term, or while jurisdiction of the cause is retained by the trial court, and that a motion in the nature of a petition for writ of error coram nobis cannot afterwards be availed of to bring such matter before the court for decision. United States v. Mayer, 235 U.S. 55, 69, 35 S.Ct. 16, 59 L.Ed. 129. Motion in the nature of petition for writ of error coram nobis is available only for the purpose of bringing before the court "errors in matters of fact which had not been put in issue and passed upon, and were material to the validity and regularity of the legal proceeding itself." United States v. Mayer, supra, 235 U.S. at

page 68, 35 S.Ct. at page 19, 59 L.Ed. 129; Bronson v. Schulten, 104 U.S. 410, 416, 26 L.Ed. 797; Robinson v. Johnston, 9 Cir., 118 F.2d 998, 1000; Strang v. United States, 5 Cir., 53 F.2d 820; 31 Am.Jur. 323; note, 97 Am.St.Rep. 362, 369, 371. It cannot be used to review the proceedings as upon a motion for a new trial or an appeal.

For the reasons stated, the order appealed from will be affirmed.

Affirmed.