**BELL v. JOHNSTON, Warden.**

No. 11072.

Circuit Court of Appeals, Ninth Circuit.

Nov. 19, 1945.

Rehearing Denied Dec. 7, 1945.

60

Raymond L. Sullivan, of San Francisco, Cal., for appellant.

Frank J. Hennessy, U. S. Atty., and Joseph Karesh, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before GARRECHT, MATHEWS and HEALY, Circuit Judges.

MATHEWS, Circuit Judge.

In the District Court of the United States for the Northern District of Alabama, hereafter called the Alabama court, there were two indictments against appellant— Nos. 9577 and 9622. No. 9577 was for violating § 1(a) of the Act of July 8, 1932, c. 464, 47 Stat. 649, 18 U.S.C.A. § 338a(a). No. 9622 was for violating the National Motor Vehicle Theft Act, 18 U.S.C.A. § 408. Appellant was arraigned, pleaded not guilty, and was tried and found guilty on both indictments. Thereupon, on February 16, 1937, judgments were entered sentencing appellant to be imprisoned for twenty years on No. 9577 and for two years on No. 9622, the sentences to run concurrently. No appeal was taken from either of those judgments.

The United States penitentiary at Atlanta, Georgia, was designated as the place where appellant's sentences should be served. On July 9, 1937, appellant petitioned the District Court of the United States for the Northern District of Georgia for a writ of habeas corpus directed to Fred G. Zerbst, warden of the penitentiary at Atlanta. The proceeding thus commenced was No. 1237. In that proceeding, a writ of habeas corpus was issued, appellant was produced, a hearing was had, and on July 17, 1937, judgment was entered discharging the writ and remanding appellant to Zerbst's custody. No appeal was taken from that judgment.

Prior to March 13, 1940, appellant was transferred to the United States peniten-

tiary at Alcatraz, California, where he ever since has been and is now confined. On March 13, 1940, he petitioned the District Court of the United States for the Northern District of California, hereafter called the California court, for a writ of habeas corpus directed to appellee, warden of the penitentiary at Alcatraz. The proceeding thus commenced was No. 23227. In that proceeding, appellee was ordered to show cause why a writ of habeas corpus should not be issued. In response thereto, appellee filed a return. Attached to the return was a certified copy of the record in No. 1237. On June 19, 1940, judgment was entered denying the petition in No. 23227. No appeal was taken from that judgment.[1]

On or about January 6, 1942, appellant petitioned the Alabama court "to treat as void his trial and conviction" and to grant him a new trial. A hearing was had and judgment was entered denying the petition. That judgment was appealed from and affirmed.[2] Certiorari to review its affirmance was denied on October 19, 1942.[3]

On August 9, 1943, appellant again petitioned the California court for a writ of habeas corpus directed to appellee. The proceeding thus commenced was No. 23883. In that proceeding, a writ of habeas corpus was issued, appellant was produced, a hearing was had, and on January 11, 1945, judgment was entered discharging the writ and remanding appellant to appellee's custody. This appeal is from that judgment.

In each of the habeas corpus proceedings —Nos. 1237, 23227 and 23883—appellant sought his discharge from custody on the ground that his sentences were void because he was denied compulsory process for obtaining witnesses in his favor and was denied the assistance of counsel for his defense. By the judgments in the habeas corpus proceedings, such discharge was refused. The judgment in No. 23883—the judgment here appealed from—was based on findings to the effect that appellant was not denied compulsory process for obtaining witnesses in his favor and was not denied the assistance of counsel for his defense. The findings are amply supported by evidence and will not be disturbed.

Judgment affirmed.

---

[1] A petition for leave to appeal in forma pauperis from the judgment in No. 23227 was denied by the California court on June 27, 1940. A similar petition was denied by this court on August 26, 1940. Certiorari to review our decision was denied on January 6, 1941. Bell v. Johnston, 311 U.S. 716, 61 S.Ct. 439, 85 L. Ed. 466.

[2] Bell v. United States, 5 Cir., 129 F. 2d 290.

[3] Bell v. United States, 317 U.S. 665, 63 S.Ct. 74, 87 L.Ed. 534.