**PRICE v. JOHNSTON.**

No. 11334.

Circuit Court of Appeals, Ninth Circuit.

Jan. 8, 1947.

DENMAN and ORR, Circuit Judges, dissenting.

See, also, 61 F.Supp. 995.

Homer C. Price, in pro. per.

Frank J. Hennessy, U. S. Atty., and Joseph Karesh, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before GARRECHT, DENMAN, MATHEWS, STEPHENS, HEALY, BONE, and ORR, Circuit Judges.

HEALY, Circuit Judge.

Appellant Price, who is an inmate of Alcatraz prison, sought release on habeas corpus and his petition was dismissed by the district court. He is not represented by counsel. As is usual in this type of case he has perfected his own appeal, and presumably with the aid of fellow inmates who have become proficient in such matters has supplied us with an elaborate typewritten brief and argument covering his points. He now moves for an order of the court commanding the warden to produce him on the date set for the hearing so that he may orally argue his appeal.

While not so denominated, the motion is nothing other than an application for a writ of habeas corpus. True, the purpose for which the writ is here sought is not one of the several purposes for which such writs might issue at common law, but nonetheless the end to be served is the same, namely, to have the body of the prisoner brought before the court. Because on several occasions in the past panels of this court, improvidently, we think, have issued like commands for the purpose specified in the motion, and more particularly because it has become common practice of prison inmates in the circuit to move for a like order on appeal of their causes, we have thought it best to announce our views on the subject in a formal opinion.

At common law several varieties of the writ of habeas corpus were recognized, each serving a specific purpose. The most common and important was the great writ referred to in Art. 1, § 9, of the Constitution of the United States, the purpose of which is to inquire into the cause of the imprisonment of one claiming to be unlawfully restrained of his liberty.[1] As indicated in the footnote and in the authorities there cited, the several varieties of the writ were distinguished one from the other by the specific terms declaring the purpose to be served by each. Enough to say here that no species of the writ of habeas corpus known to the law was issuable for the purpose for which the writ is sought in this instance, namely, to enable a prisoner to argue his case in person.

As the basis of his application Price cites a federal statute (28 U.S.C.A. § 394) which provides: "In all courts of the United States the parties may plead and manage their own causes personally, or by the assistance of such counsel or attorneys at law as, by the rules of the said courts, respectively, are permitted to manage and conduct causes therein."[2] This statute goes no farther than to affirm the ordinary right of a party to a cause, whether civil or criminal, to conduct his own case without intervention of counsel. It does not, as seems to be the argument, confer any power on the court, or imply in the court any duty other than that of permitting the party to do what the statute says he may do. Nor does it insure the party against external happenings which may circumscribe the right or interfere with its exercise. Where one is imprisoned for felony he is by the very terms of his commitment required to be confined in prison for the period of his sentence. Of necessity he is disabled for the time being from exercising a myriad of rights, many of them of infinitely greater value than that of personally conducting a civil action to which he is or becomes a party. These deprivations are an inevitable and intended consequence of conviction for crime.

It has been suggested, though not by Price, that our Rule 22(1), providing that in this court the appellant "shall be entitled to open and conclude the argument

---

[1] This variety of the writ was called habeas corpus ad subjiciendum. Another variety is the writ of habeas corpus ad testificandum, the purpose of which is to bring into court one who is confined in order that he may testify in a cause on trial. A third variety, the writ of habeas corpus ad prosequendum, was issued to remove a prisoner in order to prosecute or try him for an offense in the jurisdiction where the crime was committed. There were other less well known varieties of the writ. For discussion of the several varieties and the purpose served by each, consult Ex parte Bollman, 4 Cranch 75, 95, 96, 2 L.Ed. 554; State ex rel. Deeb v. Fabisinski, 111 Fla. 454, 152 So. 207, 156 So. 261; Black's Law Dictionary, Habeas Corpus.

[2] The statute is derived from § 35 of the Judiciary Act of 1789, 1 Stat. 92.

of the case," affords grounds for the motion. The rule has no bearing on the point. It prescribes merely the order of argument. Even though we were in position to lift ourselves by our own bootstraps by the adoption of a rule, this one does not purport to add to our powers.

■ The thought is advanced, also, that authority for our issuance of the writ applied for is to be found in § 262 of the Judicial Code, 28 U.S.C.A. § 377, providing that "The Supreme Court, the circuit courts of appeals, and the district courts shall have power to issue all writs not specifically provided for by statute, which may be necessary for the exercise of their respective jurisdictions, and agreeable to the usages and principles of law." Unless the statutory phrase "necessary for the exercise of their respective jurisdictions" is to be stripped of all meaning, the prescribed condition can not be said to be met. The case is already before us for final disposition, and no impediment of any sort confronts us. Oral argument is not thought prerequisite to decision, in fact is often dispensed with. Certainly oral argument by a party in the situation of appellant, as distinguished from argument by counsel who might be designated to represent him, can not "fairly be said to be reasonably necessary" to the exercise of our appellate jurisdiction. Adams v. United States ex rel. McCann, 317 U.S. 269, 274, 63 S.Ct. 236, 239, 87 L.Ed. 268, 143 A.L.R. 435. Cf., also, Whitney v. Dick, 202 U.S. 132, 26 S.Ct. 584, 50 L.Ed. 963. In short, unless we substitute whim for necessity, and are further prepared to invent for the occasion a species of the writ unknown to the "usages and principles of law," we are obliged to hold that this statute affords no ground for the motion. To grant it on the basis of the statute would constitute a palpable abuse or misuse of power.

The motion, indeed, proceeds on an assumption quite different from that supplied by § 262 of the Judicial Code. The thought appears to be, not that the court needs the party's help, but that the statutory right of the party to conduct his own case implies a corresponding duty on the part of the court to compel his production; otherwise due process of law is not afforded. We have already discussed this doctrine.[3]

Questions of authority aside, it is but just to observe that despite his detention Price has been able substantially to take advantage of the statute he invokes, that is to say, he has in fact managed and conducted his own appeal in all essential particulars, including the argument of it, albeit the argument is in writing. We may add that in exceptional cases of this type, where questions of complexity are raised and it is believed that counsel would be helpful, we have followed the policy of appointing counsel to represent the petitioner; and the same policy is pursued in the district courts.[4] Not a few cases of this exceptional character have been presented by court-appointed counsel throughout. Whether this case is of that exceptional character it is for immediate purposes unnecessary to inquire.

Nor should we overlook the consequences of an easy assumption of the power to order the wardens to bring prisoners into court for the mere purpose of oral argument. There are in the Ninth Circuit, besides the two federal prisons, the penitentiaries of the seven states and two territories comprising the circuit. The inmates of all these far-flung institutions, state and federal, may and do resort to the federal courts for inquiry into the legality of their detention. In recent years the dockets of the courts in several of the districts, and our own calendar, have become crowded with these cases, all of which receive earnest attention. The practice of the district courts of issuing an order to show cause upon the filing of a petition for the writ has been productive of a much needed saving of time and effort on the part of courts and prison officials, for in many if not most of the

---

[3] Compare, in this connection, Schwab v. Berggren, 143 U.S. 442, 12 S.Ct. 525, 36 L.Ed. 218; Bell v. United States, 5 Cir., 129 F.2d 290; Barber v. United States, 4 Cir., 142 F.2d 805.

[4] Habeas corpus is a civil proceeding, and the petitioner is not, as in criminal cases, entitled to have counsel appointed as a matter of right. Ex parte Tom Tong, 108 U.S. 556, 2 S.Ct. 871, 27 L. Ed. 826; Dorsey v. Gill, App.D.C., 148 F.2d 857, 877.

cases it turns out that no disputed issue of fact, but only issues of law, emerge. If the legal questions are decided adversely to the petitioner, the writ does not issue at any stage of the proceeding. Cf. Walker v. Johnston, 312 U. S. 275, 61 S.Ct. 574, 85 L.Ed. 830. But if the present motion were to be held well grounded, not only this court but the district courts would virtually be compelled to order the prisoner brought in in every instance merely that he may conduct his case in person. They could not in fairness make fish of one applicant and fowl of the other. Thus this spurious variant in the field of habeas corpus would outrank in urgency the great constitutional writ itself. One need not be a prophet to foresee the widespread abuse of the writ that would ensue, not to mention the items of fruitless burden and expense. To the legitimate hope of release by legal means would be added inducements not so legitimate; for temporary relief from prison confinement is always an alluring prospect, and to the hardened criminal the possibility of escape lurks in every excursion beyond prison walls.

The motion is denied.

STEPHENS, Circuit Judge (concurring in the result).

I am of the opinion that this court possesses the power to aid its appellate duty by exercising its discretion in granting or denying the motion. In the exercise of that power I vote to deny the motion.

DENMAN, Circuit Judge (dissenting).

This circuit court of appeals has rendered a decision on a federal question in conflict with the applicable decisions of the Supreme Court in Adams v. United States, ex rel McCann, 317 U.S. 269, 275, 63 S.Ct. 236, 87 L.Ed. 268, 143 A.L.R. 435, and in Whitney v. Dick, 202 U.S. 132, 136, 137, 26 S.Ct. 584, 50 L.Ed. 963, discussed infra. They hold contra to the court's opinion that in "special circumstances" the circuit court of appeals has the power to require the warden to bring the body of his opposing litigant before that court to have him there present "in the interest of justice." Cf.

Supreme Court Rule 38, 28 U.S.C.A. following section 354.

This dissent is to the denial of the existence of any *power* in this court to compel a warden to produce the body of his opposing litigant where the warden desires to prevent his opponent from arguing his appeal. We are here discussing the court's *power* in the case of such a warden.[1] That is to say, that if a skilled member of the bar, sentenced to be hanged, seeks to argue his appeal we have no *power* to compel a warden to produce him for that purpose in a habeas corpus case in which the balance is between his life and his death—and this though the decision of the appeal may be in a hair's balance in the minds of the judges composing the court.

What seems the fundamental error in the majority's approach is the treatment of a habeas corpus appeal, involving life or death to the appellant or the deprivation of his liberty, as an ordinary civil case. This is shown by footnote 4 of the opinion and in the sentence speaking of what one so convicted is deprived of by his imprisonment, as follows: "Of necessity he is disabled for the time being from exercising a myriad of rights, many of them of infinitely greater value than that of personally conducting a *civil* action to which he is or becomes a party. These deprivations are an *inevitable and intended consequence* of conviction for crime." (Emphasis supplied.)

Habeas corpus proceedings are civil in nature but are extraordinarily different from all other civil proceedings. First, as stated, the prisoner litigant is in the custody of his opposing litigant, the warden. Second, it is so concerned with the sentence depriving him of life or of liberty that specific provision is made for it in Article I, Section 9, of the Constitution.

Where, as in the federal criminal procedure, an appeal is provided, it is a denial of due process to the appellant to deny him the right "To be heard * * * according to established modes of procedure" at the appellate hearing. Frank v. Mangum, 237 U.S. 309, 326, 35 S.Ct. 582, 586,

---

[1] The discussion has no application to the able and conscientious Warden Johnston.

59 L.Ed. 969. Cf. Boykin v. Huff, 73 App. D.C. 378, 121 F.2d 865, 873.

It seems absurd to say that in a habeas corpus proceeding where his life or liberty is equally at stake, we hold that we have no power to bring such an appellant before us to argue his appeal in accordance with our "established method of procedure" because habeas corpus is a civil proceeding.[2] In this court the established method of procedure is that appellant "shall be entitled" to open and close an "oral" argument.[3] Congress in 28 U.S.C. A. § 394 made it an "established method of procedure" that all litigants "in all courts of the United States * * * may manage their own causes personally." It is not necessary that an appellant shall appear personally to confer jurisdiction on the court. That jurisdiction was obtained for Price had already filed an appeal from the judgment of conviction. Schwab v. Berggren, 143 U.S. 442, 449, 12 S.Ct. 525, 36 L.Ed. 218. He has prosecuted his appeal in the briefs before us. This dissent is not concerned with the further question whether the Act of Congress instead of constitutional due process confers on the appellant the right in all cases to appear and manage his case. As stated, it is from the court's denial of the power to bring any appellant here to argue his appeal, even if we deem his argument will aid us in its disposition—an argument we also deem a part of our "established method of procedure" for all other appellants.

That federal appellate courts have power to issue such a writ in all cases "in the interest of justice," not to secure jurisdiction but to "aid" in its exercise "[In] an appeal over which the court has jurisdiction" is stated by the Supreme Court in Adams v. United States ex rel. McCann, 317 U.S. 269, 63 S.Ct. 236, 87 L.Ed. 268, 143 A.L.R. 435. In that case, in holding at page 275 of 317 U.S., at page 240 of 63 S. Ct. that the writ was "not improvidently entertained" by the circuit court of appeals, the Supreme Court states, at pages 274 and 276, of 317 U.S., at page 240 of 63 S.Ct.:

"But dry formalism should not sterilize procedural resources which Congress has made available to the federal courts. In exceptional cases where, because of special circumstances, its use as an *aid* to an appeal over which the court has jurisdiction *may fairly be said to be reasonably necessary in the interest of justice,* the writ of habeas corpus is available to a circuit court of appeals. * * * [Emphasis supplied.]

"* * * [The] procedural devices rooted in experience were written into the Bill of Rights not as abstract rubrics in an elegant code but in order to assure fairness and justice before any person could be deprived of 'life, liberty, or property'".

The majority in its quotation of the words "Fairly be said to be reasonably necessary" omits the succeeding words "In the interest of justice." They seem significant.

The Supreme Court had held similarly in Whitney v. Dick, 202 U.S. 132, 26 S.Ct. 584, 586, 50 L.Ed. 963, also cited in the court's opinion. There, at pages 136 and 137, in discussing the writ of habeas corpus which is to be "agreeable to the usages and principles of law" and which may be "Necessary for the exercise" of an appellate jurisdiction, the Court says the writ is one issuable both "when necessary *for* and *in aid of* the exercise of a jurisdiction already *otherwise* obtained." (Emphasis supplied.)

In the instant appeal "Jurisdiction [was] already otherwise obtained." The majority opinion errs when it states that the writ can not issue when "The case is already before us for final disposition, and no impediment of any sort confronts us."

It is thus seen in the above described situation of the condemned lawyer we

---

[2] The denial of the right to be represented by counsel is a violation of due process in an ordinary civil suit to quiet title. Roberts v. Anderson, 10 Cir., 66 F.2d 874, 876.

[3] Rule 22 (1) provides: "1. The appellant in this court shall be entitled to open and conclude the argument of the case. But when there are cross appeals they shall be argued together as one case, and the plaintiff in the court below shall be entitled to open and conclude the argument."

have the *power* to issue the writ. The Supreme Court so holds. Whether we will exercise the power in any case is dependent upon whether his presence is "in the interest of justice."

There is nothing contrary to this in the earlier case of Schwab v. Berggren, 143 U.S. 442, 12 S.Ct. 525, 36 L.Ed. 218, cited in this court's opinion. There, at page 449 of 143 U.S., at page 527 of 12 S.Ct., the Supreme Court states, " * * * We do not mean to say that the appellate court may not, under some circumstances, require his personal presence; but only that his presence is not essential to its jurisdiction to proceed with the case."

The majority opinion properly states that no such writ of habeas corpus existed in the appellate court at common law. Yet the Supreme Court holds that, in cases where our jurisdiction is already established, it is a "dry formalism" to deny that Section 14 of the Judiciary Act, now 28 U.S.C.A. § 377, gives us the power to issue the writ whenever it is necessary "in the interest of justice."

The argument of hardship of the last paragraph of the majority opinion and its statement that "They [the courts] could not in fairness make fish of one applicant and fowl of the other" are a confession of motivation but no avoidance of the Supreme Court's decision in Adams v. United States, ex rel. McCann, supra. There the power to issue the writ to bring the prisoner before the appellate court is confined to "exceptional cases." The majority's opinion denies the power to issue it even in the exceptional case where a skilled lawyer may be of real aid to the court in resolving a doubtful question of law upon which his life depends.

For this Ninth Circuit, the Supreme Court's statement that "[In] special circumstances, its use as an aid to an appeal over which the court has jurisdiction may fairly be said to be reasonably necessary in the interest of justice, the writ of habeas corpus is available to a circuit court of appeals" has added to it the words "except where the court thinks the prisoner's management of his case before the court is in the interest of justice."

It well may be asked, For what other purpose could an appellate court have the power to bring the body of an appellant before it save to enable him to assist the court in his management of his case while there personally present?

The motion for the order should not have been denied because of an absence of our power to grant it.

ORR, Circuit Judge, concurs.