

1994 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-30-1994

# Jones v. Lilly

Precedential or Non-Precedential:

Docket 93-5680

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1994

Recommended Citation

"Jones v. Lilly" (1994). *1994 Decisions.* Paper 147.
http://digitalcommons.law.villanova.edu/thirdcircuit_1994/147

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1994 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS

FOR THE THIRD CIRCUIT

_____

NOS. 93-5680 and 93-5727
_____

MICHAEL JONES

v.

GERALD LILLY; WILFORD SMITH;
CAPTAIN HAGLER; HOWARD L. BEYER

Louis Hagler, Appellant

_____

Appeal from the United States District Court
for the District of New Jersey
No. 91-cv-05582

_____

Argued June 7, 1994
Before:  MANSMANN, ALITO, and ROSENN, Circuit Judges
Opinion Filed September 30, 1994

_____

DEBORATH T. PORITZ, Attorney General for New Jersey
JOSEPH L. YANNOTTI, Assistant Attorney General
MAMTA PATEL, Deputy Attorney General (Argued)
R. J. Hughes Justice Complex
CN 112
Trenton, NJ  08625
  Attorneys for Appellant

LAWRENCE S. LUSTBERG, ESQUIRE
JONATHAN ROMBERG, ESQUIRE (Argued)
Crummy, Del Deo, Dolan, Griffinger & Vecchione
One Riverfront Plaza
Newark, New Jersey  07102-5497
  Attorneys for Appellee

_____

OPINION OF THE COURT

ROSENN, Circuit Judge.

This appeal raises a novel question whether a writ of habeas corpus can be expanded in its use to produce a prison paralegal inmate to assist a fellow prisoner in his civil rights action for damages. The issue arises out of a § 1983 lawsuit filed by Michael Jones, a prisoner at the New Jersey State Prison in Trenton (TSP), against Captain Louis Hagler, a corrections officer at TSP and the sole remaining defendant, in the United States District Court for the District of New Jersey. Jones alleged that he was sexually assaulted by his two cellmates and that, in placing him in a multiple-lock housing unit reputed to contain homosexual inmates who "prey[] on other inmates for sex," Hagler acted with deliberate indifference to plaintiff's personal safety.

The parties filed cross-motions for summary judgment, which the district court denied. Additionally, Jones filed a motion seeking the appointment of counsel to prosecute his civil suit, which the court also denied. The court concluded that, in light of Jones' likelihood of success and the type and complexity of the case, appointment of counsel was not warranted. Moreover, based upon his prior submissions, the court determined that Jones was capable of adequately representing himself.

Subsequently, after the court's refusal to appoint counsel, Jones requested of the court that Thomas L. Hill, an inmate paralegal at TSP, be allowed to assist him at trial. The district court consented and ordered that a writ of habeas corpus be directed to the warden of TSP. Hagler moved for a stay pending appeal, which the district court denied. Hagler then

filed a motion with this court for an emergency stay pending appeal, which we granted. This court also directed the clerk to appoint counsel for Jones for this appeal. Thereafter, Hagler timely appealed the district court's order issuing a writ of habeas corpus. We vacate the order authorizing the writ.

I.

Before we address the propriety of the district court's order issuing a writ of habeas corpus to produce a prisoner who will act as a lay assistant at a civil trial, we must first decide whether we have jurisdiction to hear this appeal at this stage of the district court proceedings. Hagler asserts that we have jurisdiction under the collateral order doctrine. See Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541 (1949).

Under the doctrine, an interlocutory order is immediately appealable if it conclusively determines the matter in issue, resolves an important issue completely separate from the merits of the action, and is effectively unreviewable on appeal from a final judgment. Powers v. Southland Corp., 4 F.3d 223, 231 (3d Cir. 1993) (citations omitted). If an order fails to satisfy either of these conditions, it is not immediately appealable. Id. Although the collateral order doctrine is a narrow exception, see Yakowicz v. Pennsylvania, 683 F.2d 778, 783 n.10 (3d Cir. 1982), we are convinced that the three requirements are met here.

First, the conclusiveness prong of the test is satisfied because the district court issued its order in the expectation that it will be the final word on the subject. See

Praxis Properties Inc. v. Colonial Sav. Bank S.L.A., 947 F.2d 49, 55 (3d Cir. 1991). Next, whether a court has authority to issue a habeas corpus writ so that a prisoner can provide lay assistance at trial is an important issue completely divorced from the merits of the underlying civil rights action.

Finally, without immediate review of the district court's order, the legal and practical value of the right asserted on appeal would be destroyed. Praxis, 947 F.2d at 58 (citation omitted). A review of the propriety of the writ after final judgment cannot erase the burden, risk, and expense placed upon the state of New Jersey (the State) for transporting and maintaining secure custody over the paralegal prisoner. Although courts have consistently rejected claims that the time and expense of litigating a suit that may later be reversed are sufficient to warrant an immediate appeal, Powers, 4 F.3d at 232, the case sub judice is factually distinguishable. In addition to the costs associated with transporting Hill to Jones' civil trial, the State will have to bear the real risk, one that we have unfortunately experienced in this circuit on more than one occasion with other prisoners, that Hill will escape from its custody during his temporary respite from prison. See Price v. Johnston, 159 F.2d 234, 237 (9th Cir. 1947) ("[T]emporary relief from prison confinement is always an alluring prospect, and to the hardened criminal the possibility of escape lurks in every excursion beyond prison walls."), rev'd, 334 U.S. 266 (1948).

Moreover, the State's entitlement, in the absence of exigent circumstances, to run its prisons efficiently and

effectively without outside federal interference will have been compromised, absent an immediate appeal. Thus, because in the case sub judice "review postponed will, in effect, be review denied," Zosky v. Boyer, 856 F.2d 554, 561 (3d Cir. 1988), cert. denied, 488 U.S. 1042 (1989), we conclude that the district court's order issuing a writ of habeas corpus is effectively unreviewable on final appeal. Id. See also Lynk v. La Porte Superior Court No. 2, 789 F.2d 554, 561 (7th Cir. 1986) (holding that the grant or denial of a writ of habeas corpus ad testificandum is appealable under the collateral order doctrine); Garland v. Sullivan, 737 F.2d 1283, 1285 (3d Cir. 1984) (same), aff'd sub nom. Pennsylvania Bureau of Correction v. United States Marshals Service, 474 U.S. 34 (1985); Ballard v. Spradley, 557 F.2d 476, 479 (5th Cir. 1977) (same).

## II.

Our inquiry does not end here. We must still ascertain whether appellant has standing to make the argument that the district court's issuance of a writ of habeas corpus is reviewable as a collateral order, as a decision regarding immediate appealability will have no effect on him inasmuch as he will not have to bear personally the expense and risk inherent in transporting Hill. A recent Supreme Court decision compels an affirmative answer. See Hafer v. Melo, 112 S.Ct. 358 (1991).

In discussing the distinction between personal and official capacity suits, the Court explained that the real party in interest in an official capacity suit is not the individual but rather the entity of which the officer is an agent. Id. at

361.  "A suit against a state official in her official capacity therefore should be treated as a suit against the State."  Id. As set forth on the caption of Jones' complaint, Hagler also has been sued in his official capacity.  In actuality, then, the State is also a defendant in this action and Hagler, as a named defendant and as an agent of the State, may properly present its arguments and concerns.  Accordingly, we conclude that we have jurisdiction to hear this appeal.

### III.

We now turn to the merits of the appeal.  Hagler contends that a federal district court lacks the authority to order state officials to produce a state inmate for the purpose of providing paralegal assistance at a civil trial.  Whether the district court had authority to issue a writ of habeas corpus directing the warden of TSP to transport Hill to assist Jones in his civil suit is a legal question subject to plenary review. See Tudor Dev. Group, v. United States Fidelity & Guar. Co., 968 F.2d 357, 359 (3d Cir. 1992).  When review is plenary, no form of appellate deference is acceptable.  Salve Regina College v. Russell, 499 U.S. 225, 238 (1991).

We begin with the district court's statutory authority to issue a writ of habeas corpus.  District courts are authorized to issue writs only in a number of limited circumstances.  See 28 U.S.C. § 2241(c) (1994).  Under this statute, a writ may extend to a prisoner when "[i]t is necessary to bring him into court to testify or for trial."  Id. § 2241(c)(5).  Under its terms, this provision does not provide authority for a court to remove a

prisoner so that he could provide assistance to another prisoner at trial. Rather, the statute represents the codification of the common law writs of habeas corpus ad testificandum and ad prosequendum issued when necessary to produce a prisoner to prosecute him or obtain his appearance as a witness. See United States v. Hooker, 607 F.2d 286, 288 (9th Cir. 1979), cert. denied, 445 U.S. 905 (1980). See also United States v. Larkin, 978 F.2d 964 (7th Cir. 1992), cert. denied, 113 S. Ct. 1323 (1993). Jones did not request the court to grant the writ for the foregoing purposes. Thus, § 2241(c)(5) cannot confer upon the district court the power to grant the instant writ.

Jones does not take issue with this conclusion. Rather, he argues that the All Writs Act (the Act), 28 U.S.C. § 1651 (1994), "is a flexible and expansive grant of authority for federal courts to issue modified versions of habeas writs not specifically enumerated in § 2241." He asserts that his case turns not on the district court's power to issue the writ of habeas corpus, but on whether the courts may issue the writ "to allow lay assistance."

The Act, not specifically relating to habeas corpus, provides that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." The language of the Act contains a number of fundamental limitations on its scope. First, the writ issued must aid the court in the exercise of its jurisdiction. See In Re Grand Jury Proceedings, 654 F.2d 268, 276 (3d Cir.),

cert. denied, 454 U.S. 1098 (1981). Additionally, the means selected must be analogous to a common law writ. Id.

Jones contends that the first requirement is met inasmuch as the district court possessed jurisdiction over Jones' underlying civil rights claims and the court's order granting the habeas writ will aid the court by allowing it to manage the case to a just conclusion. As mentioned, the Act authorizes writs to be issued only when necessary (or appropriate) to the preservation or exercise of a court's jurisdiction. Rosen v. Cascade Intern., Inc., 21 F.3d 1520, 1527 n.13 (11th Cir. 1994) (citation omitted). The cases appear to be elusive in establishing a rule of law as to when the writ is "necessary or appropriate in aid" of a court's jurisdiction. Issuance of the writ in the present case would appear to have absolutely no effect on the district court's jurisdiction to hear and decide the underlying civil rights claims. The court's jurisdiction over those claims is independent of the existence of a writ. Moreover, the absence of a writ will not destroy the court's jurisdiction. Thus, as the writ is not indispensable to the court's disposition of Jones' claims, it facially cannot be deemed to be necessary, or even appropriate, and therefore the writ is not authorized under the Act. Id.

Contrary to Jones' assertion, In Re Grand Jury does not compel a different conclusion. In In Re Grand Jury we explained that the term "necessary" does not have to be interpreted in a narrow or rigorous manner. In Re Grand Jury, 654 F.2d at 276. Rather, a court may avail itself of the Act and issue a writ

where helpful "to achieve the ends of justice entrusted to it." Id. (quoting Adams v. United States ex rel. McCann, 317 U.S. 269, 273 (1942)).

Although interpreting the term "necessary" in a less rigorous fashion, In Re Grand Jury nonetheless required that the writ issued must actually aid the court in the performance of its duties. In the present case, however, the presence of Hill at trial does not seem to bestow any benefit on the district court. The principal beneficiary will, of course, be Jones.

It appears, however, that this distinction is illusory in light of United States v. New York Telephone Co., 434 U.S. 159 (1977). Although that case did not involve a writ of habeas corpus, the court directed a third party, the New York Telephone Company (the Company), to permit the FBI to install and use pen registers with respect to two telephones and furnish the FBI with information and technical assistance necessary to employ the devices. In response to the Company's challenge to the power of a court to authorize the foregoing orders, the Supreme Court held that the order compelling the Company to provide assistance was clearly authorized by the All Writs Act. Justice Byron White, author of the majority opinion, dismissed, as specious, the dissent's distinction under the Act "between orders in aid of a court's own duties and jurisdiction and orders designed to better enable a party to effectuate his rights and duties." Id. at 175 n.23. He explained that "[c]ourts normally exercise their jurisdiction only in order to protect the legal rights of parties." Id. Thus, Justice White's construction of the phrase

"in aid of" a court's jurisdiction does not appear to preclude issuance of the instant habeas corpus writ.

Therefore, we turn to the All Writs Act again to determine whether the present writ also is "agreeable to the usages and principles of law," as that phrase is used in the Act. Although the Supreme Court recognized that courts are not "confined to the precise forms of that writ in vogue at the common law," Price v. Johnston, 334 U.S. 266, 282 (1948), this in no way implies that courts have the power to fashion any writ they deem desirable. Rather, courts must "look to the usages and principles which have attached themselves to the writ of habeas corpus down through the years to the present time." Id.

Historically, under the common law and prior thereto under the English judicial system, the purpose of the writ has been to "produce the body of a person before a court for whatever purpose might be essential to the proper disposition of a cause." Id. at 283. For example, over time, the writ has provided a "swift and imperative remedy" in cases where a person has claimed that his or her personal liberty is being illegally restrained. Id. Thus, to the extent that courts have to deal with claims for various types of illegal restraint not specifically provided for in a statute, a variation or modification of an established writ is in order. For this reason, the Court in Price held that the Act confers authority upon courts of appeal to order a prisoner to be brought before it to argue his own appeal in a case involving the prisoner's life or liberty. Id. at 278. Through the centuries of its use, during colonial times and since the

founding of our Republic, the writ has been "the fundamental instrument for safeguarding individual freedom against arbitrary and lawless state action." Harris v. Nelson, 394 U.S. 286, 290–91 (1969). The usages and principles which have attached to the writ down through the ages have their focus on illegal detention and confinement of persons and the correction of miscarriages of justice within their reach. Id. at 291.

The writ in issue in this case, however, is not directly or indirectly related to the usages or principles of law of any of the writs of habeas corpus.[1] It is neither reasonable nor practical to use a writ historically associated with the fight for human freedom to provide a plaintiff, especially in a civil proceeding, with a lawfully confined prisoner for assistance. In short, Jones points to no authority, principle, or interest of justice, nor have we found any, that would convince us to expand the usage of a habeas writ to produce a prisoner so that he can aid a fellow prisoner in prosecuting a civil suit. Thus, the writ in issue cannot be said to be consistent with typical habeas writs and is therefore not "agreeable to the usages and principles of law." Permitting such an expanded usage of the writ would inevitably encourage the

---

[1]. The Court in Price noted that Blackstone described the common law versions of the habeas corpus writ as habeas corpus ad respondendum, ad satisfaciendum, ad proseqeundum, testificandum, deliberandum, ad faciendum et recipiendum , and ad subjiciendum. Price, 334 U.S. at 281 n.9. Each of these writs has as its purpose the production of a prisoner in court with respect to proceedings dealing with the prisoner's personal detention and restraint.

usage of "jailhouse" lawyers in the courts, elevate prison costs in the transportation and guarding of prisoners to, from, and in the courthouse, and seriously increase the risks associated with having prisoners outside prison walls.

Furthermore, the legal issues raised in the underlying litigation are not extraordinary and ordinarily prisoners have other reasonable options available. First, they could proceed pro se. Second, they might, upon a showing of special circumstances, even in a civil case, request the trial court to appoint counsel for themselves. See 28 U.S.C. § 1915(d) (1966); Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984). The plaintiff in this case did move for the appointment of counsel, but after analyzing the complexity of the case and the likelihood of success, the district court found that appointment of counsel was not warranted. Finally, there is the possibility of obtaining private counsel on a pro bono or contingent fee basis.

IV.

Accordingly, as the writ issued by the district court is not consistent with the usages and purposes behind the variants of the habeas writ, we hold that a federal court is not empowered, pursuant to the All Writs Act, to order state officials to produce a state inmate for the purpose of providing assistance at a civil trial.

Therefore, the order of the district court of November 3, 1993, awarding the writ of habeas corpus and the subsidiary order of November 15, 1993, granting plaintiff's motion that inmate Thomas Hall assist him at the trial will be vacated and

the case remanded to the district court for further proceedings consistent with this opinion.

Each side to bear their own costs.