In the

# United States Court of Appeals

## For the Seventh Circuit

No. 08-1703

DENNIS EARL BARNES,

*Plaintiff-Appellant,*

*v.*

WILLIAM J. BLACK and METROPOLITAN PROPERTY AND
   CASUALTY INSURANCE COMPANY,

*Defendants-Appellees.*

Appeal from the United States District Court
for the Central District of Illinois.
No. 04-cv-1317—**Joe Billy McDade**, *Judge.*

SUBMITTED AUGUST 21, 2008—DECIDED SEPTEMBER 12, 2008

Before POSNER, ROVNER, and WOOD, *Circuit Judges.*

POSNER, *Circuit Judge.* The plaintiff, injured in an auto-
mobile accident, filed a diversity suit in a federal district
court in Illinois against the driver of the other car and
the driver's insurer, charging negligence. After the
accident but before the suit (which remains pending in
the district court) was filed, the plaintiff had been con-
victed in a Wisconsin state court of burglary and sentenced

to prison, where he remains, making it difficult for him to litigate his federal suit, especially because he has no lawyer. So he asked the clerk of the district court to issue a writ of habeas corpus *ad testificandum*, ordering the warden of the Wisconsin state prison in which he is incarcerated to deliver him to the district court in Illinois for the trial of his diversity suit. Section 2241(c)(5) of the Judicial Code authorizes the district court to issue a writ of habeas corpus commanding that the prisoner be delivered to the court "to testify or for trial." The section codifies the common law authority of federal courts to issue writs of habeas corpus *ad testificandum* and *ad prosequendum*, *United States v. Larkin*, 978 F.2d 964, 968 (7th Cir. 1992); *Jones v. Lilly*, 37 F.3d 964, 967 (3d Cir. 1994), the latter being used to obtain the prisoner in order to prosecute him. These writs can be used to get a prisoner into the district court from anywhere in the country, e.g., *Carbo v. United States*, 364 U.S. 611, 619 (1961); *Stone v. Morris*, 546 F.2d 730, 737 (7th Cir. 1976); *United States v. Moussaoui*, 382 F.3d 453, 466 (4th Cir. 2004); *Roe v. Operation Rescue*, 920 F.2d 213, 218 n. 4 (3d Cir. 1990), and from a state facility as well as a federal one. *United States v. Garrard*, 83 F.3d 889, 893 (7th Cir. 1996); *United States v. Cruz-Jiminez*, 977 F.2d 95, 99 (3d Cir. 1992); *Jerry v. Francisco*, 632 F.2d 252, 255 (3d Cir. 1980) (per curiam).

The district judge denied the writ on the ground that he lacked power to issue it. He reasoned that the authority to issue a writ of habeas corpus *ad testificandum* is limited to cases in which a prisoner is seeking relief against being confined or against the conditions in which he is being confined—that is, is either seeking federal habeas corpus

as a postconviction remedy or complaining under 42 U.S.C. § 1983 that the conditions of his confinement violate his federal rights. Section 2241(c)(5) is part of the general federal habeas corpus statute, which is intended to provide a remedy against illegal confinement, and it is tempting to suppose as the district judge did that subsection (c)(5) applies only to a suit complaining about the prisoner's confinement, for example because a prisoner cannot litigate his habeas corpus claim without obtaining the testimony of some other prisoner. Many cases in which writs of habeas corpus *ad testificandum* are sought under the authority of section 2241(c)(5) are indeed prisoner suits. See, e.g., *Pennsylvania Bureau of Correction v. U.S. Marshals Service*, 474 U.S. 34, 35 (1985); *Stone v. Morris*, *supra*, 546 F.2d at 737; *Jones v. Lilly*, *supra*, 37 F.3d at 967; *Spears v. Chandler*, 672 F.2d 834 (11th Cir. 1982) (per curiam). Many others, however, are criminal cases, such as *Demarest v. Manspeaker*, 498 U.S. 184, 186 (1991); *United States v. Moussaoui*, *supra*, 382 F.3d at 466, and *United States v. Cruz-Jiminez*, *supra*, 977 F.2d at 104-05. Prisoners rarely have occasion to litigate a civil case unrelated to imprisonment, though we have found one appellate case that, like this one, was a run-of-the-mill civil suit between private parties, and the power to issue the writ was not questioned, *ITEL Capital Corp. v. Dennis Mining Supply & Equipment, Inc.*, 651 F.2d 405, 406-07 (5th Cir. 1981), and one such district court case. *Hasso v. Retail Credit Co.*, 326 F. Supp. 1179, 1181 (D. Del. 1971). (In neither case, however, was the writ actually issued.) The federal courts have an interest in being able to get hold of prisoners to testify in cases before those courts that tran-

scends the categories of prisoner and criminal cases. A prisoner might be a crucial witness in a civil case in federal court that had nothing to do with prisons or criminal law.

The district judge further ruled that if he was authorized to command the plaintiff's presence, nevertheless he would not do so but would instead allow the plaintiff to appear in the district court electronically. *Thornton v. Snyder*, 428 F.3d 690, 697-99 (7th Cir. 2005); *Edwards v. Logan*, 38 F. Supp. 2d 463, 467-68 (W.D. Va. 1999); see generally *El-Hadad v. United Arab Emirates*, 496 F.3d 658, 668-69 (D.C. Cir. 2007); *Air Turbine Technology, Inc. v. Atlas Copco AB,* 410 F.3d 701, 714 (Fed. Cir. 2005); *Beltran-Tirado v. INS*, 213 F.3d 1179, 1185 (9th Cir. 2000); *United States v. Baker*, 45 F.3d 837 (4th Cir. 1995). The state had offered to make the plaintiff available by video conferencing for the district court proceeding. Rule 43(a) of the civil rules provides that "for good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location." "Writting" prisoners to a distant court entails cost and even danger, see, e.g., *United States v. Silverstein*, 732 F.2d 1338, 1342 (7th Cir. 1984); *Jones v. Lilly, supra*, 37 F.3d at 966, and the district judge deemed these compelling circumstances for allowing (with appropriate safeguards) video conferencing as an alternative.

The plaintiff appeals from the denial of the writ. His appeal also challenges the district judge's refusal to attempt to obtain a lawyer for him under 28 U.S.C.

§ 1915(e)(1), but that ruling is nonfinal, since the case continues in the district court, and therefore nonappealable. *Randle v. Victor Welding Supply Co.*, 664 F.2d 1064, 1066-67 (7th Cir. 1981) (per curiam); see also *Marler v. Adonis Health Products*, 997 F.2d 1141 (5th Cir. 1993); *Holt v. Ford*, 862 F.2d 850 (11th Cir. 1989) (en banc); *Henry v. City of Detroit*, 763 F.2d 757, 761-64 (6th Cir. 1985) (en banc). So that part of his appeal we dismiss for lack of appellate jurisdiction. Well, but the district judge's denial of the writ of habeas corpus *ad testificandum* was also nonfinal, since it did not terminate the litigation; so have we jurisdiction of the appeal from that denial?

Our court, as well as the other courts to address the issue, has said that orders granting the writ are immediately appealable under the "collateral order" doctrine. E.g., *Lynk v. LaPorte Superior Court No. 2*, 789 F.2d 554, 561 (7th Cir. 1986); *Jones v. Lilly*, *supra*, 37 F.3d at 965-66; *Ballard v. Spradley*, 557 F.2d 476, 479 (5th Cir. 1977). As explained in the *Jones* case, "A review of the propriety of the writ after final judgment cannot erase the burden, risk, and expense placed upon the state of New Jersey (the State) for transporting and maintaining secure custody over the paralegal prisoner. Although courts have consistently rejected claims that the time and expense of litigating a suit that may later be reversed are sufficient to warrant an immediate appeal, the case *sub judice* is factually distinguishable. In addition to the costs associated with transporting Hill to Jones' civil trial, the State will have to bear the real risk, one that we have unfortunately experienced in this circuit on more than one occasion

with other prisoners, that Hill will escape from its custody during his temporary respite from prison . . . . Moreover, the State's entitlement, in the absence of exigent circumstances, to run its prisons efficiently and effectively without outside federal interference will have been compromised, absent an immediate appeal."

But we emphasize that these are cases in which the appeal was from the *grant* of the writ (except *Lynk*, but our statement in that case that "in the federal system, the grant *or denial* of writs of habeas corpus *ad testificandum* is appealable," 789 F.2d at 561 (emphasis added), was dictum because the case concerned the denial of the writ by an Indiana state court). Denial does not impose the costs and risks that justify, as the court in *Jones v. Lilly* explained, allowing an immediate appeal. This point argues for an asymmetric right of appeal under the collateral-order doctrine in this class of cases. A precedent for such asymmetry is the immediate appealability of orders that deny a motion to require the posting of a bond in a civil case but not of orders granting such a motion. 15A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3914.2 (2008 ed.). Similarly, a defendant may appeal the denial of official immunity immediately, *Behrens v. Pelletier*, 516 U.S. 299, 307 (1996), but not a grant. *Theis v. Smith,* 827 F.2d 260, 261 (7th Cir. 1987) (per curiam); *Baird v. Palmer*, 114 F.3d 39, 43 (4th Cir. 1997). Both examples are explicable in terms of the purpose of the collateral-order doctrine, which permits an appeal from a nonfinal order only when deferring appeal could inflict irreparable harm on a party.

An order granting a writ of habeas corpus *ad testificandum* is a parallel example, where an immediate appeal is allowed because the order appealed from is contended to have created a risk of irreparable harm, which a denial of the writ would not do. Any harm to the plaintiff from the denial can be remedied by appeal should he lose his suit. We are not surprised, therefore, to have found no case in which an immediate appeal has been allowed from the denial of the writ.

But 28 U.S.C. § 2253(a) makes the final order in a federal habeas corpus proceeding appealable. The order denying the writ in this diversity case, though interlocutory from the standpoint of the case, is the final order in the plaintiff's habeas corpus proceeding and thus may seem appealable because made so by the statute, regardless of the inapplicability of the collateral-order doctrine. Yet no case that has allowed an appeal from the grant of a writ of habeas corpus *ad testificandum* has referred to the statute.

As a matter of semantics, section 2253(a) could be read to apply to every subsection of section 2241, including (c)(5), though it is odd to think of the denial (or for that matter the grant) of such a writ as a "final order" in a habeas corpus proceeding, since the petitioner is not seeking his freedom by asking for such a writ and the real proceeding is another case altogether (in this case, the plaintiff's diversity suit) which the order does not end. But the decisive objection to deeming the grant or denial of the writ a final order within the scope of section 2253(a) is that any order appealable under that statute is

also subject to section 2253(c)(1)(A) if the petitioner is detained as a consequence of a state judgment, as our plaintiff is. So he would need a certificate of appealability to be allowed to proceed with this appeal. He does not have such a certificate and could not get one because (given the videoconference option) he has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

*Carbo v. United States*, *supra*, is relevant here. It holds that the geographical limitation of writs of habeas corpus in section 2241(a) does not apply to writs issued under (c)(5), even though there is nothing in section 2241(a), just as there is nothing in section 2253(a), to suggest an exception for (c)(5) writs (i.e., writs of habeas corpus *ad testificandum* and *ad prosequendum*).

There is a further distinction between this case and the ones that have allowed an immediate appeal from the grant of a writ of habeas corpus *ad testificandum*. Those were all third-party cases. A writ of habeas corpus issued to a warden is like a subpoena issued to a stranger to the case. The stranger is not a party and will not be allowed to appeal from the final decision, which does not aggrieve him. So he is allowed to appeal immediately if he can demonstrate irreparable harm, even though he is not faced with the prospect that a judgment will be entered against him in the case that the party wants to drag him into. When a court declines to issue or enforce a subpoena, the aggrieved litigant can get appellate review at the end of the case; from his perspective the order is no more final than any other step in discovery. And so it is

here. Our plaintiff wanted the judge to do something that would make it easier for him to litigate. Appellate review of other interlocutory steps that a judge might take, such as recruitment of counsel, waiving certain fees, or ordering the defendants to answer interrogatories, but refuses to take, must await the end of the case in the district court. The denial of a writ of habeas corpus *ad testificandum* is one of those steps. The appeal from the denial must be dismissed for want of appellate jurisdiction.

The State of Wisconsin has filed an amicus curiae brief arguing another jurisdictional ground for why this case must terminate: that the writ of habeas corpus *ad testificandum* to compel the delivery to the district court of a state prisoner violates the Eleventh Amendment. But the state is not a party to or even remotely interested in the plaintiff's suit, and is not charged with a violation of federal law. The writ sought in this case would if granted be like an order commanding a state official who is not a party to a case between private persons to produce documents in the state's possession during the discovery phase of the case; such orders, because they do not compromise state sovereignty to a significant degree, cf. *Tennessee Student Assistance Corp. v. Hood*, 541 U.S. 440 (2004); *California v. Deep Sea Research, Inc.*, 523 U.S. 491 (1998); *Green v. Mansour*, 474 U.S. 64, 71-73 (1985); *Florida Dept. of State v. Treasure Salvors, Inc.*, 458 U.S. 670 (1982), do not violate the Eleventh Amendment. See *In re Missouri Dep't of Natural Resources*, 105 F.3d 434, 436 (8th Cir. 1997); *Allen v. Woodford*, 544 F. Supp. 2d 1074, 1078-79 (E.D. Cal. 2008).

Nevertheless, for the reasons stated earlier the appeal must be, and it hereby is,

DISMISSED.