

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-27-2008

# Muse B. v. Upper Darby Sch Dist

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4111

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Muse B. v. Upper Darby Sch Dist" (2008). *2008 Decisions.* Paper 962.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/962

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-4111
_____

MUSE B., A minor, by his parent, Hanna B.

v.

UPPER DARBY SCHOOL DISTRICT; JOSEPH
GALLI, Individually and in his official capacity as
Superintendent, Upper Darby School District;
PATRICIA DENUCCI, Individually and in her
official capacity as Coordinator of Elementary
Special Education, Upper Darby School District,

*Hanna B., Appellant

*(Pursuant to Rule 12(a), F.R.A.P.)

**Marcie Marino-Romberger, Intervenor

** (Pursuant to Court Order dated 12/19/07)
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 06-cv-00343)
District Judge:  Honorable Paul S. Diamond
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 19, 2008

Before: RENDELL, JORDAN and VAN ANTWERPEN, <u>Circuit Judges</u>

(Opinion filed:   June 27, 2008)

_____

## OPINION

_____

PER CURIAM

Appellant Hanna B., the parent and natural guardian of Muse B., who has been diagnosed with autism, appealed the decision of an administrative appeals panel in United States District Court for the Eastern District of Pennsylvania, alleging, in pertinent part, that the Upper Darby School District and its officials failed to provide Muse B. with a Free and Appropriate Public Education ("FAPE") as required under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1401 et seq. Hanna B. was represented by experienced counsel appointed by the District Court. Negotiations took place, resulting in a favorable Consent Decree, which provided for placing Muse B. in the regular third grade at his neighborhood school with specialized services provided daily. Among many other things, the parties agreed that the School District would evaluate and modify Muse B.'s Individualized Education Program ("IEP") to afford him a meaningful education, and the Consent Decree provided for an award of 150 hours of compensatory education. Hanna B. signed the Consent Decree, as did a representative of the School District, and it was approved by the District Court and filed of record as an Order on May 4, 2006.

In an order entered on February 14, 2007, the District Court granted the petition of counsel to withdraw from the case and appointed Marcie Marino-Romberger, Esquire, to

serve as Muse B.'s guardian *ad litem*. Hanna B. previously appealed the validity of the Consent Decree and the District Court's appointment of a guardian *ad litem* under an appeal docketed at C.A. No. 07-1739, and we have upheld the validity of both in a separate Opinion.

After approving payment for the guardian, the District Court discovered that it had no funding to compensate her.[1] In response to a petition for payment filed by the guardian, and following a hearing conducted by the Magistrate Judge, the District Court, in an order entered on October 9, 2007, ordered the School District to pay the guardian pursuant to the All Writs Act, 28 U.S.C. § 1651. Specifically, the School District was directed to fund the guardian's services at a rate of $100.00 per hour, up to a maximum payment of $10,000. The District Court found that payment of the guardian was necessary and appropriate to aid in the enforcement and implementation of the Consent Decree, and was "agreeable to the usage and principles of law," 28 U.S.C. § 1651. See generally Jones v. Lilly, 37 F.3d 964, 968 (3d Cir. 1994) (court may avail itself of All Writs Act to achieve ends of justice entrusted to it and aid in performance of court's duties). The District Court's order of payment was not contingent upon the School District's approval of the actions of the guardian; it was required to pay the bill regardless of its agreement or disagreement with the actions of the guardian.

---

[1] Although the District Court previously directed the Clerk of the Court to reimburse the guardian at prevailing rates for court-appointed counsel, the Clerk subsequently advised that no funds are appropriated or available to fund Rule 17(c) guardians.

Hanna B. has appealed this decision. The School District, which must pay the bill, did not appeal, and the only issue presented by this appeal is whether the District Court had authority to require the School District to pay for the guardian *ad litem's* services. The School District in its brief "takes no position on the Court's authority to compel it to order payment to the guardian," (Appellees' Brief, at 7), and it seeks dismissal of Hanna B.'s appeal for lack of standing. This appeal was consolidated with the prior appeal and the parties were permitted to file supplemental briefs. Ms. Marino-Romberger, the guardian, was granted permission to intervene in the instant appeal, and, as Intervenor, also was permitted to submit a brief. Ms. Marino-Romberger has noted in her brief a minor objection to the order to the extent her compensation is limited, but, in all other respects, she approves of the order and seeks dismissal of Hanna B.'s appeal for lack of standing.

We will dismiss the appeal. "Constitutional standing requires (1) injury-in-fact, which is an invasion of a legally protected interest that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical; (2) a causal connection between the injury and the conduct complained of; and (3) it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." Danvers Motor Co., Inc. v. Ford Motor Co., 432 F.3d 286, 291 (3d Cir. 2005) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992)). Economic injury is without a doubt a kind of "injury-in-fact." Id.

4

Generally, parties to a lawsuit, or those that properly become parties, may appeal an adverse judgment. Bell Atlantic Corp. v. Bolger, 2 F.3d 1304, 1307 (3d Cir. 1993). Here, however, plaintiff Hanna B. seeks to appeal a post-judgment order requiring the defendant School District to pay the Intervenor guardian, who is charged with implementing and enforcing a Consent Decree favorable to her son. She is not a party "aggrieved by" the order and lacks standing to appeal. McLaughlin v. Pernsley, 876 F.2d 308, 313 (3d Cir. 1989) ("In order to have standing to appeal a party must be aggrieved by the order of the district court from which it seeks to appeal."). The District Court's order requiring the School District to pay for the guardian's services is based upon its determination of facts as to the services rendered and the Court's inability to pay for services required under the prior order appointing the guardian. Hanna B. is unaffected financially by the order.

Noneconomic injury can serve as a basis for standing, see School District of Abington Township v. Schempp, 374 U.S. 203 (1963), but Hanna B.'s contention that payment of the guardian by the School District will result in a conflict of interest such that the guardian must agree with, and abide by, the School District's wishes, has no basis in the record. The record supports, and the District Court found, that the guardian is acting in Muse B.'s interests in fully implementing and enforcing the Consent Decree. The District Court's order of payment is not contingent upon the School District's approval of, or agreement with, the actions of the guardian. The School District is not

5

free to question the guardian's bill or to disapprove payment for services rendered. Accordingly, this contention is too hypothetical to provide a basis for standing. See Danvers Motor Co., 432 F.3d at 291 (injury must be concrete and particularized and not conjectural or hypothetical).[2]

Furthermore, the order requiring the School District to pay for the guardian's services did not modify or change the requirement that a Free Appropriate Public Education be provided to Muse B. in the least restrictive environment, and had no effect on the implementation of the Consent Decree. To the extent that Hanna B. has argued that the guardian did not fully implement the Consent Decree, that issue is not before us, and must be taken up with the District Court pursuant to the terms of the Consent Decree, which provides methods of resolution for disputed issues regarding programming.

We will dismiss the appeal for lack of jurisdiction. The Intervenor's motion for leave to file a supplemental appendix is granted.

---

[2] We emphasize that we are deciding only the jurisdictional issue of standing to appeal and the existence, or nonexistence, of a specific, real and direct noneconomic injury. We do not reach the merits of the order of payment because the School District did not appeal, and we therefore have no jurisdiction to do so. We note, as a practical matter, that Ms. Marino-Romberger is now acting pro bono because her fees have reached the cap established by the District Court.