NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0223n.06

No. 09-1372

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

FLOYD JENNINGS,

      Plaintiff-Appellant,

v.

BRENT BRADLEY, et al.,

      Defendants-Appellees.

_____ /

**FILED**
Apr 12, 2011
LEONARD GREEN, Clerk

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE WESTERN
DISTRICT OF MICHIGAN

Before:      BATCHELDER, Chief Judge; MARTIN and SUTTON, Circuit Judges.

BOYCE F. MARTIN, JR., Circuit Judge.  Floyd Jennings, a Michigan prisoner proceeding pro se, sued a number of employees at Alger Maximum Correctional Facility under 42 U.S.C. § 1983.  The district court granted summary judgment in favor of all the defendants except for one, and the jury found in favor of the remaining defendant.  Jennings appeals the district court's grant of summary judgment, its order denying him appointment of counsel, its decision requiring several of his witnesses to testify via video teleconferencing, and its denial of his motion for a new trial.  We **AFFIRM** the decision of the district court.

**I. BACKGROUND**

Jennings sued the following employees of Alger Maximum Correctional Facility: Corrections Officer Brent Bradley, Assistant Resident Unit Manager Thomas Salo, Resident Unit Manager Curt Rife, Sergeant Donald MacDonald, Deputy Warden Lloyd Rapelje, Corrections

Officer Gary Schertz, Corrections Officer Robert Wickstrom, Sergeant Kevin Taskila, Lieutenant Craig Taylor, and Lieutenant Jeffrey Stevens.[1]  Jennings alleged that they violated his Eighth Amendment rights by putting human feces in his food; smearing feces on him; using various forms of unwarranted or excessive force; forcing him to lie in his own waste; and denying him food, water, and restroom breaks.  Jennings also alleged that the defendants violated his procedural due process rights and retaliated against him by placing him without notice on a "Cell Slot Management" program, which required him to move to the back of his cell and assume a certain position when receiving meals, mail, or medication.  A full recounting of the factual background of this case is available in the magistrate judge's Report and Recommendation.

Jennings filed two motions requesting that counsel be appointed to represent him and the district court denied both motions.  Before trial, the defendants moved for summary judgment.  After a de novo review of the magistrate judge's Report and Recommendation, the district court adopted it and granted summary judgment to all of the defendants except Bradley, who Jennings alleged had served him a sandwich containing feces and used a feces-smeared shield against him.  After a two-day trial, the jury rendered a verdict in favor of Bradley.  Jennings moved for a new trial, and the district court denied the motion.  Jennings now appeals, challenging the district court's denial of his motion for a new trial as well as several pre-trial and trial rulings.

---

[1]The district court dismissed the claims against Taylor and Stevens because Jennings did not exhaust his administrative remedies against them.  Jennings does not challenge this decision.

## II. ANALYSIS

### A. Motion for summary judgment

We review the district court's grant of summary judgment de novo. *Ciminillo v. Streicher*, 434 F.3d 461, 464 (6th Cir. 2006). Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

Jennings claims that the district court erred in granting Salo, Rife, MacDonald, Rapelje, Schertz, and Wickstrom summary judgment based on qualified immunity as to his Procedural Due Process claim and First Amendment retaliation claim. Under the doctrine of qualified immunity, government officials performing discretionary functions are shielded from civil liability unless their conduct violates clearly established constitutional rights. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Thus, a defendant is entitled to qualified immunity on summary judgment unless the facts, when viewed in the light most favorable to the plaintiff, would permit a reasonable juror to find that: (1) the defendant violated a constitutional right; and (2) the right was clearly established. *Pearson v. Callahan*, 555 U.S. 223, —, 129 S. Ct. 808, 815-16 (2009). A court of appeals may exercise its discretion to decide which prong of the test to address first in light of the circumstances of the case. *Id.* at 818.

### 1. Procedural Due Process

Jennings claims that the district court erred in granting Salo, Rife, MacDonald, Rapelje, Schertz, and Wickstrom summary judgment based on qualified immunity as to his Procedural Due Process claim. To establish that the defendants violated a constitutional right, Jennings must

demonstrate that being placed on a Cell Slot Management program constitutes an atypical and significant hardship. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995) (holding that due process liberty interests created by prison regulations are generally limited to freedom from restraint that imposes "atypical and significant hardship on an inmate in relation to ordinary incidents of prison life"). The district court correctly found that Jennings failed to make this showing. *See, e.g.*, *id.* at 486 (holding that inmate's thirty days in solitary confinement did not constitute an atypical and significant hardship); *Jones v. Baker*, 155 F.3d 810, 812 (6th Cir. 1998) (noting that placement in administrative segregation normally does not constitute an atypical and significant hardship). Furthermore, the defendants introduced substantial evidence that Jennings' segregation was not atypical because it was based on his continuous violent conduct. *Cf. id.* (stating that it is not atypical for a prisoner to be placed in segregation because of participation in violent conduct). Thus, we **AFFIRM** the district court's grant of summary judgment to the defendants on Jennings' Procedural Due Process claim.

**2. Retaliation**

Jennings claims that the district court erred in granting summary judgment to Schertz and Rife on his retaliation claim. He asserts that they retaliated against him by placing him on a Cell Slot Management program because he testified against prison officials at another inmate's trial. To state a claim of retaliation, a plaintiff must establish that: (1) he engaged in protected conduct; (2) he suffered an adverse action that would deter a person of ordinary firmness from continuing to engage in the protected conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). Furthermore, "[i]f the

defendant can show that he would have taken the same action in the absence of the protected activity, he is entitled to prevail on summary judgment." *Id.* at 399.

Schertz and Rife presented substantial evidence that Jennings' behavior justified his being placed in a Cell Slot Management program.  They presented evidence that Jennings assaulted prison officials by throwing urine and feces, biting them, threatening them, and masturbating in front of them.  Thus, we **AFFIRM** the district court's grant of summary judgment to Schertz and Rife on Jennings' retaliation claim.

## B. Motion for Appointment of Counsel

We review the district court's order denying appointment of counsel for abuse of discretion. *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993).  Appointed counsel in civil suits is a privilege only justified in exceptional circumstances, *id.* at 606, and Jennings did not present any exceptional circumstances in this case.  Thus, we hold that the district court did not abuse its discretion by denying Jennings' motion to appoint counsel.

## C. Testimony Via Video Teleconferencing

Jennings claims that the district court erred by requiring that four of his witnesses testify via video teleconferencing.  The Federal Rules of Civil Procedure provide that "[f]or good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location."  Fed. R. Civ. P. 43(a).  The district court determined that compelling circumstances justified requiring Jennings' witnesses to testify via video teleconferencing.  The district court found that three witnesses presented security threats because they were housed at maximum security prisons and had extensive disciplinary

records, and that the fourth witness was in a crisis stabilization program and would not have access to proper mental health support if he were transported to another facility. *Cf. Barnes v. Black*, 544 F.3d 807, 810 (7th Cir. 2008) (noting that moving inmates "to a distant court entails cost and even danger"). The district court also ensured that appropriate safeguards were instituted. The jury could listen to the witnesses and observe their demeanor, Jennings could question them, and the transmission was instantaneous.[2] Thus, we hold that the district court did not err by requiring Jennings' witnesses to testify via video teleconferencing.

**D. Motion for New Trial**

Jennings claims that the district court erred in denying his motion for a new trial. We review a district court's refusal to grant a motion for a new trial for abuse of discretion. *Mike's Train House, Inc. v. Lionel, L.L.C.*, 472 F.3d 398, 405 (6th Cir. 2006). A new trial may be granted "when a jury has reached a seriously erroneous result as evidenced by . . . the trial being unfair to the moving party in some fashion, i.e., the proceedings being influenced by prejudice or bias." *Id.* (internal quotation marks and citation omitted). For the reasons stated below, we **AFFIRM** the district court's denial of Jennings' motion for a new trial.

**1. "Worst of the Worst" Comments**

Jennings argues that Bradley and his attorney prejudiced his right to a fair trial by referring to the inmates at Alger Maximum Correctional Facility as the "worst of the worst," which stereotyped all inmates as untruthful and dangerous. During opening argument, Bradley's attorney

---

[2]Although one of Jennings' witnesses testified by telephone because of a technical problem, this fact is not dispositive. *See Jerden v. Amstutz*, 430 F.3d 1231, 1238 n.7 (9th Cir. 2005) (stating that testimony in open court by telephone is permitted by Rule 43(a)).

told that jury that "you're going to have to go inside a world that most of you, and probably none of you, will ever experience. It's a world in which the worst of the worst prisoners in the state of Michigan are incarcerated." Later, Bradley testified in response to a question about the prison's security level that "[i]t's a Level V, the worst of the worst."

"Misconduct by an attorney that results in prejudice may serve as a basis for a new trial. The burden of showing prejudice rests with the party seeking the new trial, and district courts have broad discretion in deciding whether to grant a motion for a new trial." *Fuhr v. Sch. Dist. of Hazel Park*, 364 F.3d 753, 759 (6th Cir. 2004) (internal quotation marks and citation omitted). Thus, Jennings "must show both that the . . . argument was improper and that [he] was prejudiced by the impropriety, that is, that there is a reasonable probability that the jury's verdict was influenced by the improper argument." *Id.* at 760.

Jennings has arguably shown that the "worst of the worst" comments were improper. *See Williams v. Drake*, 146 F.3d 44, 48 (1st Cir. 1998) (affirming decision to exclude reference to plaintiff's prison as the "highest security prison in the State of Maine, housing the most dangerous prisoners in the State of Maine" because it was unduly prejudicial). But we need not resolve the point because we are not persuaded that Jennings has demonstrated that there is a reasonable probability that the jury's verdict was influenced by the improper argument. The statements describing Alger Maximum Correctional Facility inmates as "the worst of the worst" were accurate. *Cf. Fuhr*, 364 F.3d at 760 (holding that party failed to demonstrate a reasonable probability that the jury was improperly influenced by a comment when it was accurate). Furthermore, the district court instructed the jury that attorney comments are not evidence, and that "[t]his case is to be . . . decided

by you as an action between persons of equal standing in the community, of equal worth, holding the same or similar stations in life. Prisoners and prison employees are entitled to the same fair treatment at your hands as any private individual." Thus, any prejudice resulting from the comments was alleviated by the jury instructions. *Cf. Holmes v. City of Massillon, Ohio*, 78 F.3d 1041, 1047 (6th Cir. 1996) (holding that a motion for a new trial should be denied if prejudice is cured by jury instructions); *James v. Tilghman*, 194 F.R.D. 408, 420-21 (D. Conn. 1999) (holding that inmate failed to establish that "worst of the worst" statements warranted new trial when jury instructions adequately redirected the jury's attention). Because we cannot say that the arguably improper statements adversely affected the fairness of Jennings' trial, we hold that the district court did not abuse its discretion in declining to grant a new trial on this ground.

## 2. Spoliation Instruction

Jennings claims that his trial was unfair because the district court denied his request for a spoliation instruction based on Bradley's failure to produce certain videos of the incidents at issue. Bradley's attorney was ordered to make available for use at trial all video recordings of the incidents at issue. He produced a video of Jennings being placed in restraints on June 18 and June 20, 2005, but he did not produce a video of himself entering Jennings' cell. We have held that a party seeking a spoliation instruction based on the destruction of evidence must make a three-prong showing: (1) the party having control over the evidence had a duty to preserve it; (2) the evidence was destroyed with a culpable state of mind; and (3) the destroyed evidence was relevant to the party's claim or defense. *Beaven v. U.S. Dep't Of Justice*, 622 F.3d 540, 553 (6th Cir. 2010). A district court has "broad discretion in imposing sanctions based on spoliated evidence." *Adkins v. Wolever*, 554 F.3d

650, 653 (6th Cir. 2009). The district court did not abuse its broad discretion in finding that an adverse inference was inappropriate here. It noted that Bradley's attorney stated that there were no video recordings of the incidents, Jennings presented no evidence to suggest that the attorney was not truthful in this representation, and Jennings presented no evidence that Bradley had any control over the videotape or duty to preserve it. Thus, we hold that the district court did not abuse its discretion in declining to grant a new trial based on the lack of a spoliation instruction.

## III. CONCLUSION

We **AFFIRM** the decision of the district court.